## Theodore Novy, Appellee, v. Louis B. Rysdon Company, Appellant.

## Gen. No. 20,940.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 6, 1915. Rehearing denied October 15, 1915. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Action for damages for personal injuries by Theodore Novy against Louis S. Rysdon Company. It appeared that defendant had a contract to install twenty skylights in the roof of a one-story car barn at Rockford, Illinois. After three of them had been installed by an employee named Malmstrom, defend-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ant, desiring to use Malmstrom's services elsewhere, directed the plaintiff Novy to go to Rockford and do the remainder of the work.  Plaintiff was an experienced sheet metal worker, and the only instructions given him by defendant's president, Louis Rysdon, who employed him, were to go to Rockford with Malmstrom, who would show him what was to be done. There was evidence tending to prove that defendant delegated to Malmstrom the duty of furnishing to plaintiff suitable hoisting apparatus for his use, and that after it was set up, although Malmstrom said he did not like the way it worked, and that "it did not catch right," he nevertheless directed plaintiff to use it and "get through as quickly as he could."

After Malmstrom left, two laborers used the derrick until about 2:30 in the afternoon, in hoisting the material to the roof.  Then they fastened a barrel of putty weighing five hundred pounds to the cable, and attempted to hoist it.  When they had raised it about fifteen feet above the ground, they called to plaintiff, who was working at another part of the roof, to "come over and give them a hand."  Plaintiff took hold of one of the drum handles while the laborers held the other.  By their combined efforts, the handles were turned several times, when something gave way and plaintiff was thrown from the roof to the ground.  He sustained a compound fracture of both bones of the left leg above the ankle, resulting in a stiff ankle and deformed foot, with two and one-half inches shortening of the leg.

At the trial a judgment of $8,000 was rendered in favor of the plaintiff, and the defendant appeals.

RALPH F. POTTER, for appellant.

SMEJKAL, KLENHA & KRASA, for appellee; JOSEPH J. KROUPA, of counsel.

MR. JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1411*—*when verdict will not be disturbed on appeal*. Where the evidence upon questions of pure fact is conflicting, the Appellate Court is not authorized to reverse the finding of the jury and the judgment of the trial court, unless after an examination of all the evidence it appears that the verdict is manifestly contrary to the preponderance of the evidence.

2. MASTER AND SERVANT, § 166*—*when servant need not inspect appliances*. In the absence of notice that a pawl is defective, a servant has the right to rely upon the inspection of such hoisting apparatus by the representative of the master to whom has been delegated the duty of furnishing the appliance, and such servant is not required to inspect the appliance.

3. MASTER AND SERVANT, § 363*—*when servant does not assume risk of injury*. Where evidence in an action for injuries showed that a defective derrick was used successfully for several hours, the danger arising from the use of such derrick was not so obvious that a reasonably prudent person would have refused to use it, and a servant in obeying the direction of the representative of the master to use the apparatus did not assume the risk of injury.

4. MASTER AND SERVANT, § 623*—*what evidence as to defective appliance admissible*. In an action for injuries to a servant caused by a derrick, where some evidence tended to show that the derrick was in the same condition two days after the accident as at the time, there was no reversible error in permitting a witness to testify as to its condition on such second day.

5. MASTER AND SERVANT, § 777*—*when instruction properly refused as misleading*. In an action for personal injuries sustained by a servant by reason of a defective derrick, an instruction which might have been understood as announcing the view that it was the duty of the servant to inspect the appliance for defects was properly refused as misleading, as such duty under the evidence was that of the representative of the master.